Martinez v Martinez (2025 NY Slip Op 05889)

Martinez v Martinez

2025 NY Slip Op 05889

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ.

Index No. 159286/21|Appeal No. 5026|Case No. 2024-06747|

[*1]Michael A. Martinez et al., Plaintiffs-Respondents,

v

Gabriel Martinez et al., Defendants-Appellants.

Wood Smith Henning & Berman LLP, New York (Jennifer M. Provost of counsel), for appellants.

Napoli Shkolnik, PLLC, New York (Aparna Pujar of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered October 8, 2024, which, to the extent appealed from, granted plaintiff Michael A. Martinez's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion denied.

This personal injury action stems from a motor vehicle accident that took place on September 10, 2021, on East 14th Street near its intersection with Avenue B in Manhattan. The accident happened when a moped motor bike operated by plaintiff Michael Martinez (Michael) collided with an SUV operated by defendant Gabriel Martinez (Gabriel). Plaintiff Michael's motion for partial summary judgment on the issue of liability should have been denied because the parties presented different versions of the accident.

On the one hand, plaintiff Michael testified that, prior to the accident, he had picked up his romantic partner (co-plaintiff Valerie Ortiz) and was heading to her home on Avenue C, driving east on 14th Street. Defendant's SUV, which Michael described as a white "security vehicle" with "lights on top," was in front of him when they were stopped at a red light. The light turned green; the security vehicle started to go, then stopped short; Michael tried to drive around him; then, the security vehicle attempted to make a U-turn. Michael hit the driver's side of the SUV with the front of his moped motor bike.

On the other hand, in an affidavit submitted in opposition to plaintiff's motion, defendant Gabriel averred, among other things, that, just prior to the accident, he was fully stopped. He intended to make a U-turn, engaged his left turn signal, did not see any signs prohibiting U-turns, checked for traffic and pedestrians in both directions, and determined that it was safe for him to perform the U-turn. Just before Gabriel completed the U-turn, Michael's moped struck his vehicle. According to Gabriel, Michael attempted to pass his vehicle on the left by crossing the double yellow line.

These conflicting versions as to how the accident occurred demonstrate that there exist triable issues of fact that preclude summary judgment on the issue of defendants' liability (see Jarrett v Claro, 161 AD3d 639, 639 [1st Dept 2018]; Huerta—Saucedo v City Bronx Leasing Inc., 147 AD3d 695, 695 [1st Dept 2017]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 23, 2025